## No. 3604

### Second Circuit

## ANDERSON ET AL. v. BROCK BROS. & COLLINS

(November 18, 1929. Opinion and Decree.)

Kennon & Kitchen, of Minden, attorneys for plaintiffs, appellees.

Dimick & Hamilton, of ·Shreveport, attorneys for defendants, appellants.

WEBB, J. The plaintiffs, John Anderson and Nora Morris, joined in this action against defendant to recover damages alleged to have been sustained by them individually as the result of a collision between an automobile, owned and being driven by Anderson, in which Nora Morris was riding as a guest of Anderson, with a motor truck, owned and being operated by defendant.

The collision occurred after dark on the public highway at a point adjacent to a wayside gasoline station. The truck, with a trailer attached, was loaded with iron pipe which extended beyond the trailer, had been driven from the highway into the gasoline station, where it was stopped with the trailer partially on the highway, extending at an angle in the direction from which plaintiffs approached, and the end of the pipe came in contact with the front or frame enclosing the windshield and supporting the top of plaintiff's car, knocking the frame loose and breaking ·the windshield, and extending into the car, striking both Anderson and Nora Morris.

The damages claimed by Anderson were for injury to the car, itemized at $250, and for personal injuries, loss of time and physician's fees incurred, fixed at $350, and by Nora Morris for personal injuries, loss of time and physician's fees, fixed at $350.

Plaintiffs alleged that the defendant was guilty of negligence in that it had obstructed the highway and had failed to place a light on the end of the load, in violation of the statute (Act No. 296 of 1928) regulating traffic on the highways, and further, that as the car driven by Anderson approached and was passing to the rear of the. truck, the truck had been suddenly and negligently backed into the Anderson car, which plaintiffs alleged was being operated with care.

The defense was in effect a general denial, and on trial judgment being rendered in favor of Anderson in the sum of $200, and in favor of Nora Morris in the sum of $100, defendant appealed, and plaintiffs have answered the appeal praying that the judgment be amended and the amount increased.

With the exception of the allegation that the truck had been backed into collision with the Anderson car, the other charges of negligence were based upon the provisions of Sec. 26(a) and Sec. 39(a) of Act No. 296 of 1928, which provide that no vehicle shall be parked or left standing on the highway in such manner as that there shall not be left a space of at least fifteen feet for the passage of other vehicles, and that where the load on any vehicle shall extend more than four feet beyond the rear, that a light shall be displayed at the end of the load, and while there is considerable evidence introduced relative to the charges, we do not find that it was shown that the load of pipe extended more than four feet beyond the rear of the bed of the trailer, or that there was not an unobstructed space of fifteen feet on the highway to the rear of the truck. Besides, the evidence shows that the gasoline station was lighted with electric lights, which enabled anyone approaching the station to see any obstruction on the highway at that point, and Anderson stated that he had approached the place on the highway where the collision occurred at a very moderate

rate of speed and that, as he was in the act of driving between the truck, which was to his left, and a truck and some lumber, which obstructed the highway to his right, the truck to the left had been suddenly backed into collision with his car, and the only question to be considered is whether or not the defendant negligently backed the truck into the Anderson car, and if so, whether its action was the proximate cause of the collision.

Appellant urges that Anderson was not paying any attention and that he drove his car into the trailer, and that the truck was not backed into collision with the Anderson car, principally devoting their argument to the question of fact as to whether or not the truck was moved backward, as stated by Anderson.

There were four persons (including plaintiffs) in the Anderson car who testified that the truck was moved backward, and their version was supported by three disinterested witnesses, and, while there were as many witnesses called by defendants, whose version was to the contrary, they were interested parties or employees of defendant, and we are informed that the trial court accepted the version of the witnesses called by plaintiffs and found that the truck had been moved backward into collision with the Anderson car, and we cannot say that the finding was erroneous. In fact, it is very apparent that the witnesses called by defendant did not have any knowledge of the movements of the Anderson car prior to the collision, and that, with the exception of the driver of the truck, none of them were in as favorable situation to have had knowledge of whether the truck was moved backward as the witnesses called by plaintiffs.

The evidence shows that Anderson was driving at a moderate rate of speed and there was not anything to indicate that it was hazardous for him to drive to the rear and pass the truck, and we are of the opinion that the movement of the truck backward was the proximate cause of the collision.

Appellants urge that the judgment should be increased. But, while the amount allowed is small, the evidence did not show that either of the plaintiffs sustained any permanent injury or disfigurement, and it is also very indefinite as to the pain suffered, which is principally indicated by the fact that they were attended by a physician, and a like uncertainty appears as to the time and inconvenience sustained by the parties as the result of the accident; and, while the Anderson car was considerably damaged, the evidence shows that the loss was not so great, and we cannot say that the awards were inadequate.

The judgment appealed from is affirmed.